UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CARDOW, INC., | : |
| | : |
| Plaintiff, | : Civil Action No. 09-cv-6943-SCR |
| | : |
| v. | : ECF Case |
| | : |
| JEFFREY BERKOWITZ and | : |
| JOE R. TANORY, JR., | : ELECTRONICALLY FILED |
| | : |
| Defendants. | : |

_____:

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ............................................................................................................1

    I.     The Court Properly May Exercise Jurisdiction Over Defendant Tanory ..........1

         A. Jurisdiction Exists Under N.Y. CPLR Section 302(a)(1) .................................2

         B. Additional Facts Regarding Defendant's Activities in NewYork Could
            Be Revealed if Plaintiff is Permitted To Take Jurisdictional Discovery ...........5

CONCLUSION.........................................................................................................5

# TABLE OF AUTHORITIES

### Cases

*A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76 (2d Cir. 1993)..........................................1

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
 171 F.3d 779 (2d Cir. 1999)..................................................................................................1

*Jazini v. Nissan Motor Co.,* 148 F.3d 181 (2d Cir. 1998).......................................................1

*Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.,*
 973 F.2d 911, 23 USPQ2d 1921 (Fed. Cir. 1992) ...............................................................4

*PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105 (2d Cir 1997)........................................1, 2

### Statutes

United States Patent Act, 35 U.S.C. § 101, *et seq.* ...............................................................3

N.Y. C.P.L.R. section 302(a)(1) ........................................................................................2, 3

Plaintiff Cardow, Inc. ("Cardow"), through undersigned attorneys, submits this memorandum of law in opposition to defendant Joe R. Tanory, Jr.'s motion to dismiss under Fed. R. Civ. P. 12(b)(2).

## PRELIMINARY STATEMENT

This is an action for declaratory judgment seeking determinations of invalidity respecting United States Patent No. 5.353.608 (the "'608 Patent") directed to a multi-use jewelry article and No. D374,410 (the "'410 Patent) directed to a design for a finger ring.  The action also seeks a determination of non-infringement of the '608 Patent and '410 Patent by plaintiff.  Defendant Tanory concedes at paragraphs 3 and 4 on page 4 of his memorandum of law in support of his motion to dismiss that he co-owns the '608 Patent with his co-defendant Jeffrey Berkowitz, an individual who resides in Monsey, New York.

## ARGUMENT

### I.   The Court Properly May Exercise Jurisdiction Over Defendant Tanory

When a motion to dismiss for lack of personal jurisdiction is made prior to discovery, a plaintiff need only establish a prima facie case for personal jurisdiction over a defendant to avoid dismissal under Rule 12(b)(2).  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999); PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir 1997). A plaintiff may rely entirely on factual allegations, Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998), and will prevail even if the defendant makes contrary arguments, A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79 (2d Cir. 1993).  In resolving the motion, a court reads

the complaint and affidavits in a light most favorable to the plaintiff. PDK Labs, 103 F.3d at 1108.

### A. Jurisdiction Exists Under N.Y. CPLR. Section 302(a)(1)

Plaintiff Cardow alleges in paragraph 4 of its complaint that

> Defendant Berkowitz is an individual residing in the State of New York and defendant Tanory is an individual residing in the State of Alabama who is subject to personal jurisdiction of the courts of this state by his engaging in acts by which he has purposefully availed himself of the privileges of conducting activities within this state and the claims herein asserted arise out of or result from defendant Tanory's activities in this state.

As shown in Exhibit "1" of the Declaration of Joseph T. Murray in Support of Opposition to Defendant Tanory's Motion to Dismiss, (hereinafter the "Murray Decl."), defendants Jeffrey Berkowitz and Joe R. Tanory, Jr. *each hold a 50% equal share* ownership in and to United States Patent No. 5, 353,608, the multi-use jewelry patent which is a subject of this action for declaratory judgment. Although defendant Tanory states in paragraph 4 of his affidavit filed in support of his motion to dismiss that he owns the '608 Patent, he neglects to inform the Court in his affidavit of his relationship with co-defendant Jeffrey Berkowitz as both a co-inventor and co-owner of the subject matter of the patent. Nor does defendant Tanory reveal in his affidavit and supporting memorandum that Mr. Berkowitz resided in the State of New York at the time he purportedly co-invented their multi-use jewelry device. To this day, defendant Berkowitz continues to reside in the State of New York, yet defendant Tanory in his moving papers and in affidavit fails to discuss extent of his ownership interest with Mr. Berkowits; fails to discuss whether or not defendants Berkowitz and Tanory collaborated on or conceived their invention in the State of New York, and fails to disclose whether or not he and his partner, Mr. Berkowitz, receive and/or share in any compensation related to the patent which is co-owned by them.

Exhibit "2" of the Murray Declaration reveals that the New York law firm of Darby & Darby prosecuted the application which resulted in issuance in the '608 Patent.  In his affidavit Mr. Tanory makes no mention of his retention of New York patent counsel nor how it came to be that he and Mr. Berkowitz collaborated to invent and thereafter prosecute their patent before the United States Patent Application.  As documents annexed as Exhibit "3" of the Murray Declaration reveal, defendant Tanory's co-defendant, Mr. Berkowitz, resided in the State of New York during prosecution of the '608 Patent application and still today lives in the State of New York.  So it is difficult for plaintiff to believe that Mr. Tanory transacted no business within the State of New York when, in fact, he and defendant Berkowitz co-invented their multi-use jewelry device and prosecuted a United States Patent Application based thereon.  It also is difficult to believe the Mr. Tanory resides at 1919 Oxmoor Road, Suite 121, Birmingham, Alabama as he states in his affidavit.  A Google search of that address reveals that the address actually is the location of a United Parcel Service retail store.  Murray Decl., Ex. "4".

N.Y. C.P.L.R. section 302(a)(1) confers jurisdiction over a non-domiciliary defendant who "in person or through an agent . . . transacts any business within the state" so long as the cause of action arises out of defendant's New York transactions.  Plaintiff Cardow, at paragraph 19 and 20 of its complaint has alleged that the '608 Patent is invalid because the invention fails to satisfy requirements of patentability specified in the United States Patent Act, 35 U.S.C. § 101, *et seq.*  One requirement for patentability is that the actual inventor be identified in the application for patent.  Where there is more than one inventor, Section 116 of the Patent Act requires some "quantum of collaboration or connection."  In other words, "[f]or persons to be joint inventors under Section 116 there must be some element of joint behavior, such as collaboration or working under common direction, one inventor seeing a relevant report and

building upon it or hearing another's suggestion at a meeting." Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co., 973 F.2d 911, 916-17, 23 USPQ2d 1921, 1925-26 (Fed. Cir. 1992).

 Presumably defendants Tanory and Berkowitz satisfied requirements of the Patent Act and collaborated on the invention to which the '608 Patent directed.  If they did not collaborate and each worked independently from the other, then the '608 Patent is invalid ab initio. The fact that the New York law firm of Darby & Darby had been granted a power of attorney to prosecute the underlying application for patent strongly suggests that Messrs. Tanory and Berkowitz jointly engaged the Darby firm to act as their agent to secure protection of their invention.  But, in his supporting affidavit, defendant Tanory makes no mention of his engagement of New York counsel to prosecute his patent application nor does Mr. Tanory provide any information on the quantum or situs of his collaborative efforts with his co-inventor Berkowitz.  Whether or not there was, in fact, sufficient collaboration between Messrs. Tanory and Berkowitz in conceiving their multi-use jewelry device goes directly to plaintiff's allegation on invalidity of the '608 Patent and provides the relevant nexus between Mr. Tanory's activities in New York State and the cause of action.  Moreover, the fact that defendant Berkowitz resided in the State of New York during prosecution of the subject patent application and the fact that the New York law firm of Darby & Darby had been engaged as agents for the inventor suggests strongly that defendant Tanory purposefully transacted business in New York.

 In sum, plaintiff Cardow's claim for patent invalidity as it relates to the '608 Patent will test the quantum of collaboration and inventorship between defendants Tanory and Berkowitz and whether, in fact, the '608 Patent is invalid because one or the other of the defendants was not a properly named inventor of the covered invention.  The activities of defendant Tanory within the State of New York, his collaborative inventive efforts in this state with co-defendant

Berkowitz; co-defendants' engagement of New York patent counsel to prosecute their patent application, as well as the on-going ownership patent relationship between Messrs. Tanory and Berkowitz respecting the '608 Patent, all relate to plaintiff Cardow's claim of patent invalidity.

### B. Additional Facts Regarding Defendant's Activities in NewYork Could Be Revealed if Plaintiff is Permitted To Take Jurisdictional Discovery.

Despite the foregoing reasons for which Cardow submits that its complaint sufficiently alleges a basis for this Court's exercise of personal jurisdiction over Mr. Tanory, if the Court should conclude that further jurisdictional facts are necessary or appropriate, plaintiff believes that it should be granted a right to conduct focused and limited discovery regarding the jurisdictional facts related to defendant's activities in the State of New York. In accordance with your Honor's individual rules of practice, plaintiff submitted to the Court on October 29, 2009 a letter in which it requests a pre-motion conference precedent to filing of a motion for limited jurisdictional discovery.

Thus, if the Court should conclude that plaintiff has not sufficiently pled personal jurisdiction over Mr. Tanory, plaintiff believes that it is entitled to limited jurisdictional discovery relating to Mr. Tanory's activities and interests in New York.

### CONCLUSION

Upon the reasons and authorities discussed above, and upon the accompany Declaration of Joseph T. Murray, plaintiff Cardow requests respectfully that the Court deny defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2).

Dated: New York, New York
      October 30, 2009

                                By:   /s/ Joseph T. Murray
                                          Joseph T. Murray (JM 3564)
                                          Charles E. Baxley (CB 8486)

                HART, BAXLEY, DANIELS & HOLTON
                90 John Street – Third Floor
                New York, New York 10038
                (212) 791-7200

                Attorneys for Plaintiff
                 *Cardow, Inc.*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**

**DEFENDANT''S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)**

was served on defendants JOE R. TANORY, JR. and JEFFREY BERKOWITZ on this 2nd day

of November 2009 by first-class mail, postage prepaid, in an envelope address as follows:

> Mr. Joe R. Tanory, Jr.
> 1919 Oxmoor Road #121
> Birmingham, Alabama 35209
>
> Mr. Jeffrey Berkowitz
> 23 Mariner Way
> Monsey, New York 10952

> > s/Joseph T. Murray
> > Joseph T. Murray