

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARDOW, INC.,

                Plaintiff,

      v.

JOE R. TANORY, JR.,

               Defendant.

09 Civ. 6943 (SCR)

OPINION AND ORDER

**STEPHEN C. ROBINSON, United States District Judge:**

    This is an action for declaratory judgment seeking determinations of invalidity respecting two patents directed to a multi-use jewelry article and a design for a finger ring. Plaintiff, Cardow, Inc., is a United States Virgin Islands corporation with its principal place of business in St. Thomas, United States Virgin Islands while the remaining defendant, Joe R. Tanory, Jr. is a resident of Alabama.[1] Currently before the Court is defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction. For the foregoing reasons, a decision on that motion is reserved and plaintiff is granted an opportunity to conduct limited jurisdictional discovery. Upon the conclusion of that limited period of discovery, defendant will have the opportunity to renew his motion.

**I.    STANDARD OF REVIEW**

    When facing a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that the Court has personal jurisdiction over all defendants. To satisfy this burden the plaintiff need only make out a prima facie case that the defendant is subject to the

---

[1] On August 6, 2009 plaintiff filed suit against Joe R. Tanory, Jr. and Jeffrey Berkowitz regarding two patents that the defendants hold ownership interests in. Partial default judgment was entered against Berkowitz on December 2, 2009. Docket Entry 13.

"substantial nexus" between the business transacted and the cause of action asserted. *Id.* It should also be noted that C.P.L.R. § 302(a)(1) "is a 'single-act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York" so long as the substantial nexus test is met. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988) (collecting cases).

Here it is alleged that defendant Tanory was the co-owner and co-inventor of the '608 patent with Berkowitz. *See* Ex. 1 to Decl. of Joseph T. Murray ("Murray Decl."). During the period of prosecution of the '608 patent, and apparently until the present day, Berkowitz resided in New York. *See* Ex. 3 to Murray Decl. In his affidavit in support of his motion to dismiss, however, Tanory makes no mention of the degree of collaboration between himself and Berkowitz nor any agreement as to shared compensation between the two. Plaintiff has also made a sufficient showing that the patent-in-suit was prosecuted by the New York law firm of Darby & Darby. *See* Ex. 2 to Murray Decl.

These cumulative, albeit tenuous, connections to New York are sufficient at this stage to at least delay the dismissal of this action. As described in greater detail below, decision on Defendant's motion to dismiss is reserved while Plaintiff is granted a period of limited jurisdictional discovery.

### III. CONCLUSION

In light of the foregoing, and given the Court's broad discretion at this early stage of the litigation, decision on Defendant's motion to dismiss is reserved at this time. Plaintiff shall have until October 1, 2010 to conduct such specific and limited discovery as is appropriate to respond to Defendant's initial motion. At the end of this discovery period, Defendant may renew without change, amend, or withdraw its motion to dismiss.

-4-

*It is so ordered.*

White Plains, New York

Dated: __July 18__, 2010

_____
Stephen C. Robinson, U.S.D.J.