UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
                                                    :
Cardow, Inc.,                                       :        CASE NO. 7:09-CV-6943
                                                    :
                    Plaintiff,                      :
                                                    :
vs.                                                 :
                                                    :        ORDER
Jeffrey Berkowitz, *et al.*,                        :
                                                    :
                    Defendants.                     :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:


I.  TRACK ASSIGNMENT

        The Court assigns this matter to the Standard  Track.  The Court sets forth the following

deadlines:

        (1)     Deadline to Add Parties or Amend Pleadings: November 3, 2010.

        (2)     Deadline for Filing Dispositive Motions: May 23, 2011.

        (3)     Deadline for Filing Opposition to Dispositive Motions: June 6, 2011.

        (4)     Deadline for Filing Replies to Responses: June 13, 2011.

        (5)     Plaintiff's Deadline for Expert Identification:  December 13, 2010.

        (6)     Defendant's Deadline for Expert Identification:  January 5, 2011.

II.  PATENT LITIGATION PROCEDURES

        By January 31, 2011, the Defendant shall serve on all parties a "Disclosure of Asserted

Claims and Preliminary Infringement Contentions."  The "Disclosure of Asserted Claims and

Case No. 7:09-CV-6943
Gwin, J.

Preliminary Infringement Contentions" shall contain the following information:

(a)     Each claim of each patent in suit that is allegedly infringed by the opposing party;

(b)     Separately for each asserted claim, each accused product that infringes the patent. This identification shall be as specific as possible. Each product must be identified by name or model number, if known.

(c)     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

In the alternative, the Defendant may shall serve upon Plaintiff a "Defendant's Claim Chart," identifying the same information described above.

By February 21, 2011, and after receipt of Defendant's "Disclosure of Asserted Claims and Preliminary Infringement Contentions" or Claim Chart, the Plaintiff shall serve upon Defendant "Plaintiff's Claim Chart" that indicates with specificity which elements on Defendant's Claim Chart it admits are present in its accused device or process, and which it contends are absent. As to the doctrine of equivalents, Plaintiff shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the Defendant must produce to each opposing party or make available for inspection and copying:

(a)     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit; and

(b)     A copy of the file history for each patent in suit.

By January 31, 2011, the Plaintiff shall serve on all parties its "Preliminary Invalidity

Case No. 7:09-CV-6943
Gwin, J.

Contentions" which must contain the following information:

(a)     The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)     Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c)     A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found;

(d)     Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the Plaintiff must produce or make available for inspection and copying:

-3-

Case No. 7:09-CV-6943
Gwin, J.

(a)     Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant, and

(b)     A copy of each item of prior art identified to the extent possible.

The Defendant shall have until February 21, 2011 to respond to Plaintiff's "Preliminary Invalidity Contentions" with validity and enforceability contentions.


III.  EXCHANGE OF PROPOSED TERMS AND CLAIM ELEMENTS FOR CONSTRUCTION

(a)     Discovery as it relates to claim construction is to be completed on or before March 14, 2011.  On or before March 21, 2011, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court.

(b)     The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

By March 21, 2011, the parties shall file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(a)     The construction of those claim terms, phrases, or clauses on which the parties agree;

(b)     Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions

(c)     Whether any party proposes to call one or more witnesses, including experts, at the

Case No. 7:09-CV-6943
Gwin, J.

Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

By March 28, 2011, each party shall serve and file an opening brief and any evidence supporting its claim construction.  If needed, the Court schedules this case for hearing on claim construction for March 21, 2011 at 8:30 a.m., Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.  A courtroom assignment will be made at a later date.  By April 11, 2011, each party shall file its responding brief and setting out any argument supported by evidence received at the hearing.

III. PRE-TRIAL AND STATUS CONFERENCE

A final pre-trial conference will take place on July 7, 2011, at 10:00 a.m.  A status conference will take place on January 18, 2011, at 12:00 noon.  Both the final pretrial conference and the status conference will be conducted vial telephone with contact being made by calling 216-357-4500, enter Conference Room #6049 and enter Pin #7112.  The following persons must attend both the status conference and the final pretrial: counsel, anyone with settlement authority, and clients.  These persons are required to attend unless prior approval of their absence is received.

Counsel shall meet at least ten (10) days prior to the  pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a joint stipulation and order at least three (3) days prior to the date of the pre-trial conference.  The form of this order is attached hereto as Appendix A.

IV.  TRIAL

A.  General

The Court has set this matter for trial on a two-week standby period beginning on July 11,

Case No. 7:09-CV-6943
Gwin, J.

2011, at 8:30 a.m., Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York

City, New York.  Courtroom assignment will be made at a later date.  Counsel must keep in regular

contact with Gwen Mackey, the Courtroom Deputy Clerk, to determine the exact starting date for

the trial.  Counsel may reach Ms. Mackey at (330) 252-6050.

The trial day will begin promptly at 8:30 a.m. and will conclude at approximately 5:00 p.m.

During each trial day, the Court will adjourn for lunch for approximately thirty (30) minutes.

B.  Interim Arguments

The Court finds that interim arguments often prove helpful to the finder of fact.

Accordingly, the Court will usually permit each side to present such arguments during the trial.

However, neither side is required to present interim arguments.

An interim argument serves to provide some explanation as to how a witness's testimony

relates to the party's case as a whole.  Such an argument occurs only after the witness has completed

testimony and may only deal with the testimony of that witness.  The Court will set time limits for

interim arguments.

C.  Witnesses and Exhibits

Counsel shall file witness lists along with the final pre-trial order three (3) days prior to the

final pre-trial conference.  The order in which witnesses are listed will be deemed the order in which

such witnesses will be called unless counsel presents a revised order of witnesses' appearance at

least 48 hours in advance of such appearances.  Parties may seek to call witnesses out of order for

reasons that could not reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations.

Counsel seeking such leave must file a motion to add witnesses and serve a copy upon opposing

Case No. 7:09-CV-6943
Gwin, J.

counsel with names, addresses, and an offer of proof of such witness's testimony at least three (3) days prior to trial.

The Court strongly advises counsel to over-schedule their witnesses. Should a party run out of witnesses on any given trial day, the Court will presume that the party has rested its case.

Counsel shall submit to the Court one (1) copy of all proposed exhibits along with an index (Appendix B) containing a brief description of each exhibit on the morning the trial actually commences. Exhibits shall be exchanged between counsel prior to trial.

Counsel shall mark all exhibits before trial with official or similar stickers. The Plaintiff(s) shall mark exhibits with numbers, and the defendant(s) shall mark exhibits with letters. If there are multiple parties, numbers or letters shall be used, followed by the party's last name (e.g., "1-Smith" or "A-Jones"). If the defendant has more than 26 exhibits, double letters shall be used (e.g., "AA"). The case number shall also appear on the stickers.

D.  Use of Depositions as Evidence

If the parties intend to use any deposition as evidence during the trial, the parties must file these depositions by the time of the final pretrial conference with the portions to be read noted therein. An opportunity will be given to opposing counsel to read any omitted portion. Counsel will be notified at trial of rulings on all objections pertaining to the depositions.

E.  Nonjury Trials

For matters not submitted to a jury, the Court requires counsel to submit at least one (1) week prior to the standby trial period (1) a statement of the issues, (2) proposed findings of fact, and (3) proposed conclusions of law. The parties must also file any trial briefs no later than one (1) week prior to the standby trial period.

Case No. 7:09-CV-6943
Gwin, J.

The proposed findings of fact must cite the particular witness(es) and physical evidence upon which each proposed finding is based.  Likewise, the proposed conclusions of law must cite the direct legal authority upon which each proposed legal conclusion is based.

The Court may also order the parties to submit post-trial briefs.  These briefs will be limited to specific questions assigned by the Court during or after trial.  The Court may also permit counsel to file supplemental findings of fact and conclusions of law following the trial.

The parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

F.  Jury Actions

The Court will conduct the voir dire examination of the jury panel.  However, the Court will accept proposed jury voir dire questions.  Counsel must submit any such proposed questions no later than one (1) week before the standby trial period.  Failure to file proposed questions in a timely manner is a waiver of any such questions.     Counsel may submit proposed jury instructions to the Court no later than one (1) week prior to the date of trial.  Proposed instructions regarding issues that could not reasonably have been foreseen in advance may be filed at least twenty-four (24) hours prior to final argument.  Counsel will exchange any proposed jury instructions.

Any proposed jury instructions will include instructions on all issues relating to your case. Each proposed instruction shall be on a separate 8 ½" x 11" sheet of paper identified as "Plaintiff(s)/Defendant(s) Requested Instruction No.   ."  All instructions must contain a citation of authority upon which counsel relies.  The Court will reject any proposed instruction that does not contain a citation to authority.

Finally, the Court finds that, in some cases, jurors better understand the testimony presented

Case No. 7:09-CV-6943
Gwin, J.

when permitted to pose questions to the witness.  Accordingly, the Court may permit jurors to submit proposed questions for the witnesses.  Any such questions will be submitted to the Court in written form.  The Court will then discuss the proposed question with counsel in a sidebar conference.  The Court will ultimately decide whether to ask the proposed question.  If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

V.  CHANGE OF ADDRESS

Counsel will notify the Court and the Clerk of this Court of any address, e-mail address, or telephone number changes by letter to assure proper notification.

IT IS SO ORDERED.


Dated: November 8, 2011                          s/          *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE