IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARDOW, INC. | § § § | |
| Plaintiff, | § § | CAUSE NO. 09-CV-6943-~~SCR~~ (JSG) |
| v. | § § | |
| JEFFREY BERKOWITZ and | § § | **JURY TRIAL DEMANDED** |
| JOE R. TANORY, JR. | § § | |
| Defendants. | § § | |

## DEFENDANT JOE R. TANORY, JR.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Joe R. Tanory, Jr. ("Tanory") submits the following Answer, Affirmative Defenses and Counterclaims to Plaintiff Cardow, Inc.'s ("Cardow") Complaint For Declaratory Judgment.

### JURISDICTION AND VENUE

1. Tanory admits that this action purports to be an action for declaratory relief. Tanory denies the remainder of the allegations of ¶1.

2. Tanory denies the allegations of ¶2.

3. Tanory admits the allegations of ¶3.

4. Tanory admits that he resides in the State of Alabama. Tanory denies the remainder of the allegations of ¶4.

## PRIOR LEGAL ACTION

5. Tanory admits that on May 12, 2009 Cardow commenced a legal action styled *Cardow, Inc. v. Joe R. Tanory, Jr.*, Civil Action No. 09/68 in the United States District Court for the United States Virgin Islands, Division of St. Thomas and St. John which purported to seek a declaratory judgment of patent non-infringement and invalidity (the "Prior Legal Action"). Tanory denies the remainder of the allegations in ¶5.

6. Tanory admits that allegations of ¶6.

7. Tanory admits that Cardow dismissed the Prior Legal Action without prejudice. Tanory denies the remainder of the allegations of ¶7.

## FIRST CLAIM FOR RELIEF

## PATENT NON-INFRINGEMENT

8. Tanory admits the allegations of ¶8.

9. Tanory admits that Berkowitz is identified as a co-inventor of the '608 Patent. Tanory denies the remainder of the allegations of ¶9.

10. Tanory denies the allegations of ¶10.

11. Tanory denies the allegations of ¶11.

12. Tanory denies the allegations of ¶12.

13. Tanory denies the allegations of ¶13.

14. Tanory denies the allegations of ¶14.

15. Tanory denies the allegations of ¶15.

## SECOND CLAIM FOR RELIEF

### PATENT INVALIDITY

16. Tanory realleges and incorporates herein Paragraphs 1 through 15 of his Answer, Affirmative Defenses and Counterclaims.

17. Tanory admits that he is the owner of U.S. Patent No. 5,353,608 (the "'608 Patent") and U.S. Patent No. D374,410 (the "'410 Patent"). Tanory denies the remainder of the allegations of ¶17.

18. Tanory admits that Berkowitz is identified as a co-inventor of the '608 Patent. Tanory denies the remainder of the allegations of ¶18.

19. Tanory denies the allegations of ¶19.

20. Tanory denies the allegations of ¶20.

21. Tanory denies the allegations of ¶21.

22. Tanory denies the allegations of ¶22.

23. Tanory denies the allegations of ¶23.

24. Tanory denies the allegations of ¶24.

25. Tanory denies the allegations of ¶25.

26. Tanory denies the allegations of ¶26.

### PRAYER FOR RELIEF

Tanory denies that Cardow is entitled to any of the relief that it seeks.

### AFFIRMATIVE DEFENSES

Tanory asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Tanory reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by the discovery and factual developments in this case.

## COUNTERCLAIMS

### THE PARTIES

1. Joe R. Tanory, Jr. ("Tanory") is an individual residing in the State of Alabama.

2. On information and belief, Cardow, Inc. ("Cardow") is a United States Virgin Island corporation with a principal place of business at 39 Dronnigens Gade (Main Street), Charlotte Amalie, St. Thomas, United States Virgin Islands, 0802-6497.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NOS. 5,353,608 AND D374,410

5. United States Patent No. 5,353,608 (the "'608 patent") was duly and legally issued by the United States Patent and Trademark Office on October 11, 1994.

6. United States Patent No. D374,410 (the "'410 patent") was duly and legally issued by the United States Patent and Trademark Office on October 8, 1996.

7. Tanory is the owner of all rights, title and interest in and to the '608 and '410 patents.

8. The claims of the '608 patent cover, *inter alia*, a multi-use jewelry device capable of selectively displaying one of two stones when used as a ring by providing a single setting which carries two different stones with a pair of hoops. The hoops are pivotal around the setting thereby allowing the ring to be selectively configured to display one of the two stones.

9. The claims of the '410 patent cover the ornamental design of a finger ring as shows and described in the '410 patent.

10. On information and belief, Cardow infringes the '608 patent and the '410 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States jewelry and/or rings which comprise multi-use jewelry devices and which are covered by one or more claims of the '608 patent and/or the '410 patent. Specifically, Cardow makes, uses, sells and offers for sale its reversible rings as shown at http://www.cardow.com/catalog/category.jsp?categoryId=85.

11. Cardow's infringment has been wilfull at least to the extent that it was put on notice of both the '608 patent and the '410 patent at least as early as April 28, 2009.

Despite such notice, Cardow has continued to infringe both the '608 patent and the '410 patent.

12. As a result of Cardow's infringing conduct, Cardow has damaged Tanory. Cardow is liable to Tanory in an amount that adequately compensates Tanory for its infringement, which, by law, can be no less than a reasonable royalty.

### PRAYER FOR RELIEF

WHEREFORE, Tanory respectfully requests that this Court enter:

1. A judgment in favor of Tanory that Cardow has infringed the '608 and '410 patents;

2. A judgment in favor of Tanory declaring that the '608 and '410 patents are valid;

3. A permanent injunction enjoining Cardow, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '608 and '410 patents;

4. A judgment and order requiring Cardow to pay Tanory his damages, costs, expenses, and prejudgment and post-judgment interest for Cardow's infringement of the '608 and '410 patents as provided under 35 U.S.C. § 284;

5. An award to Tanory for enhanced damages as provided under 35 U.S.C. § 284;

6. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Tanory his reasonable attorneys' fees; and

7. Any and all other relief to which Tanory may show himself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Tanory requests a trial by jury of any issues so triable by right.

January 6, 2011    Respectfully Submitted,

*Joe R Tanory Jr*
Joe R. Tanory, Jr. (**PRO SE**)
1919 Oxmoor Road
Suite 121
Birmingham, AL 35209

## AFFIRMATION OF SERVICE

I declare under penalty of perjury that I mailed a copy of DEFENDANT JOE R. TANORY, JR.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS to counsel for Plaintiff, Cardow, Inc. on January 6, 20011 at the following address:

> Joseph T. Murray, Esq.
> Charles E. Baxley, Esq.
> HART, BAXLEY, DANIELS & HOLTON
> 90 John Street – Suite 309
> New York, New York 10038-3243

_____
Joe R. Tanory, Jr.