UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
:
CARDOW, INC.,                                           :
                                                        :   CASE NO. 09-CV-6943
            Plaintiff,                                  :
                                                        :
vs.                                                     :   OPINION & ORDER
                                                        :   [Resolving Doc. 30]
JOE R. TANORY, JR.,                                     :
                                                        :
            Defendant.                                  :
                                                        :
-------------------------------------------------------

JAMES S. GWIN,[1/] UNITED STATES DISTRICT JUDGE:

Plaintiff Cardow, Inc. brings this action for a declaratory judgment seeking determinations of non-infringement and invalidity respecting Defendant Joe R. Tanory, Jr.'s two patents directed to a multi-use jewelry article and a design for a finger ring. Defendant Tanory, a resident of Alabama, moves the Court to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). [Doc. 32.] For the following reasons, the Court **GRANTS** Defendant's motion.

On October 9, 2009, Defendant Tanory, *pro se*, moved the Court to dismiss Plaintiff's complaint for lack of personal jurisdiction. [Doc. 7.] Judge Stephen Robinson reserved decision and ordered additional discovery on the issue of personal jurisdiction, to be completed by October 1, 2010. [Doc. 21 at 3.] At the end of that discovery period, Judge Robinson ordered Defendant to "renew without change, amend, or withdraw its motion to dismiss." [Doc. 21 at 3.] Defendant Tanory renewed his motion to dismiss on January 6, 2011. [Doc. 30.] The Court instructed Plaintiff

---

[1/]The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

Case No. 09-CV-6943
Gwin, J.

to file any opposition and evidentiary materials by February 2, 2011. [Doc. 34 at 2-3.] Plaintiff did so on January 20, 2011. [Doc. 32.] Accordingly, Defendant Tanory's motion to dismiss is ripe for ruling.

When facing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). Where, as here, "the parties have conducted extensive discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held—'the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant.'" *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).

The question of personal jurisdiction over an out-of-state patentee defending an action seeking declaratory judgment is subject to the law of the Federal Circuit because the action is "intimately involved with the substance of the patent laws." *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates federal due process." *Graphic Controls Corp. v. Utah Med. Prods. Inc.,* 149 F.3d 1382, 1385 (Fed. Cir. 1998). Because New York's long-arm statute does not extend to the limits of federal due process, the Court turns to Section 302(a)(1) of

-2-

Case No. 09-CV-6943
Gwin, J.

New York's Civil Practice Law Rules, Plaintiff's asserted jurisdictional basis, to determine whether Defendant Tanory is subject to personal jurisdiction in New York.

Under Section 302(a)(1), a court may exercise jurisdiction over a non-domiciliary if two conditions are met: the non-domiciliary defendant transacts business within New York and the claim against the non-domiciliary defendant arises directly out of this activity. *See McNamee v. Clemens*, — F. Supp. 2d —, 2011 WL 323267, at * 6 (E.D.N.Y. Feb. 3, 2011). Section 302(a)(1) "is a single-act statute requiring but one transaction—albeit a purposeful transaction—to confer jurisdiction in New York." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005). Nonetheless, the party's activities must have a "substantial nexus" with the cause of action sued upon. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109 (2d Cir. 1997). Jurisdiction cannot be found upon "random," "fortuitous," or "attenuated" contacts alone. *SAS Group, Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 548 (S.D.N.Y. 2003).

In this case, the Plaintiff has failed to present facts sufficient to establish jurisdiction in New York over Defendant Tanory. In responding to Defendant Tanory's motion to dismiss, Plaintiff identifies the transactions that Plaintiff says give rise to Section 302(a)(1) jurisdiction: (1) Defendant Tanory and former co-Defendant Jeffrey Berkowitz, a New York resident, each share 50% ownership of the disputed patent; (2) Defendant Tanory met with Defendant Berkowitz twice in New York to discuss the patent; (3) a New York law firm prosecuted the patent with the Patent and Trademark Office; (4) and the two Defendants have an agreement covering prosecution of patent infringement claims and division of proceeds therefrom. [Doc. 32 at 2-5.]

First, with regards to Defendant Tanory's co-ownership of the patent with a New York resident, co-ownership of a patent with a resident defendant does not itself establish personal jurisdiction over the non-resident defendant. *See Windsurfing Int'l, Inc. v. Ostermann*, 100 F.R.D.

Case No. 09-CV-6943
Gwin, J.

82, 83 n.2 (S.D.N.Y. 1983). To hold otherwise would subject patentees to personal jurisdiction in the ever-changing domiciles of their co-inventors. And, of course, in a suit with multiple defendants the court must possess personal jurisdiction over each defendant. Accordingly, because Defendant Tanory's co-ownership of the patent with a New York resident is merely random and fortuitous, this fact does little to establish that Defendant Tanory purposefully transacted business in New York.

Plaintiff next contends that Defendants Tanory and Berkowitz met twice in New York to discuss the "multi-use jewelry patent." [Doc. 32 at 5.] Yet this characterization of the Defendants' dealings is unsupported by the record. To the contrary, Defendant Berkowitz says the two met in New York "probably more than once," but he is not sure. [Doc. 33 at 40.] And Berkowitz does not recall the two discussing the disputed patent while Tanory was in New York. Rather, he says the conversations regarded "the possibility of [Berkowitz] selling products" that Tanory was marketing, including "crude elements of things that turned around, you know, flipping, but not in its finished format that way I have it now." [Doc. 33 at 31.] For his part, Defendant Tanory says he first became aware of the patent and the existence of Berkowitz "years after the '608 patent issued." [Doc. 17 at 7.] Accordingly, there is no "substantial nexus" between Defendant Tanory's alleged visits to New York and the instant declaratory action for patent non-infringement and invalidity.

Plaintiff also says that Defendant Tanory transacted business in New York when a New York law firm prosecuted the disputed patent with the Patent and Trademark Office. This argument fails for two reasons. First, Defendant Berkowitz, not Defendant Tanory, hired the New York law firm Darby & Darby to prosecute the patent. [Doc. 33 at 19-20.] When Defendant Tanory later petitioned to be added as a co-inventor, he engaged the Alabama law firm of Lanier, Ford, Shaver & Payne. [Doc. 33 at 13.] Second, even if the location of Tanory's counsel is relevant—which the Court doubts, *see Arquest, Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 07-CV-11202, 2008 WL

Case No. 09-CV-6943
Gwin, J.

2971775, at *10-11 (S.D.N.Y. July 31, 2008)—Tanory enlisted the Alabama law firm of Maynard, Cooper & Gale to send the demand letter that sparked the instant controversy. [Doc. 1 at 7-9.]

Finally, Plaintiff says that Defendant Berkowitz was living in New York when the Defendants negotiated an agreement covering the patent, and that Defendant Tanory's contract with a New York domiciliary is a purposeful business transaction that "goes directly to Plaintiff's allegation on invalidity." [Doc. 32 at 7.] However, while Berkowitz's testimony does indicate the two agreed to terms of a contract, he does not say they substantially negotiated or reached the agreement in New York:

> [Plaintiff's Counsel]: Where did you reach this agreement?
>
> [Berkowitz]: I was in New York, he was in Alabama.
>
> [Plaintiff's Counsel]: Did Mr. Tanory come up to New York to discuss the substance of this agreement that you reached?
>
> [Berkowitz]: I can't recall. We had many conversations and I don't know at which conversation, we had many meetings and I don't know at which meeting we actually reached that agreement, so I couldn't answer the question. I don't know.

[Doc. 33 at 36.] Furthermore, the substance of the Defendants' contract—that each owner had an independent right to exploit the patent and that further litigation against retailers is discouraged—does not contemplate or require performance or payment in New York. *See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). Thus, absent sufficient evidence that Defendant Tanory negotiated or executed a contract in New York, visited New York after executing the contract, or made payment into New York under the contract, Defendant Tanory's agreement with Defendant Berkowitz does not constitute a transaction of business within New York sufficient to support the exercise of long-arm jurisdiction.

Accordingly, because a the Plaintiff has failed to aver facts sufficient to establish jurisdiction

-5-

Case No. 09-CV-6943
Gwin, J.

over Defendant Tanory, the Court **GRANTS** Defendant Tanory's motion to dismiss.

    IT IS SO ORDERED.


Dated: February 16, 2011

                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE